**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEE STEPHENS**, on behalf of himself and others similarly situated, | : <br> : |
| Plaintiff, | : CASE NO. 2:21-cv-5131 <br> : <br> : JUDGE |
| v. | : <br> : MAGISTRATE JUDGE |
| **AUTO SYSTEMS CENTERS, INC. d/b/a MIDAS,** <br> c/o Randolph S. Katz <br> 1101 Monroe St. <br> Toledo, OH 43697 | : <br> : **JURY DEMAND ENDORSED** <br> : **HEREON** <br> : <br> : <br> : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Named Plaintiff Lee Stephens ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Defendant Auto Systems Centers, Inc. *d/b/a* Midas ("Defendant" or "Midas") for its failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA" or the "Act"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Revised Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Revised Code §§ 4111.08, 4111.14(G)–(H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws") (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following

collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio and Defendant conducted substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual and a United States citizen, and he was employed in this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts. In particular, Named Plaintiff was employed by Defendant as an hourly Assistant Manager at Defendant's facility in Chillicothe, Ohio from approximately September 2020 until October 2021.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties for Defendant and was paid on an hourly basis.

 

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

8. Defendant is a corporation for profit authorized to do business in Ohio and conducts business in this judicial district. Defendant is incorporated in the State of Ohio.

9. Defendant is a franchisee of Midas with over 100 automotive service centers located in the State of Ohio and elsewhere in the United States.

10. Defendant provides various automotive services, such as brake, maintenance, tires, exhaust, and suspension services for its customers at each of its locations.

11. Defendant has the authority to, and does, hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

12. Defendant has substantial control over Named Plaintiff and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

13. Defendant directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

14. Defendant maintains control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

15. Upon information and belief, Defendant causes to be applied substantially the same employment policies, practices, and procedures to all employees at its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and timekeeping.

16. Defendant is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

17. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Section 34a within Article II of the Ohio Constitution.

18. Upon information and belief, Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,00000 per year (exclusive of excise taxes at the retail level).

19. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it is legally required to comply with the wage laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

20. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

## III. FACTS

21. Named Plaintiff and those similarly situated employees worked as automotive technicians ('technicians"[1]) for Defendant.

22. Named Plaintiff and those similarly situated technicians were paid on an hourly basis and were non-exempt employees of Defendant.

---

[1] "Technicians" includes all hourly assistant managers, automotive technicians, automotive maintenance technicians, tire & lube technicians, general service technicians, skilled automotive technicians, and other similar positions that were primarily responsible for performing maintenance work on automobiles.

Page **4** of **17**

### A. Unpaid Pre-Shift Work

23. Defendant required Named Plaintiff and those similarly situated technicians to arrive to the service center prior to the start of their scheduled shifts.

24. Named Plaintiff and those similarly situated technicians arrived prior to the scheduled start of their shifts to perform pre-shift work before the service centered opened, including opening up the service center, turning off the alarm, turning on the lights, booting up the computers, and beginning their particular pre-shift job duties.

25. In general, Defendant's service centers opened at 8:00 a.m. and closed at 6:00 p.m.

26. Despite arriving to the service centers early and performing pre-shift preparatory work, Named Plaintiff and those similarly situated technicians were not paid until the start of their scheduled shifts, which was generally 8:00 a.m. when the service center opened.

27. If Named Plaintiff and those similarly situated technicians clocked in prior to the scheduled start of their shift, managers regularly made manual modifications to change their time punches to the scheduled shift start time.

28. Given that Named Plaintiff and those similarly situated technicians performed pre-shift work for which they were not compensated, they were not paid for all hours worked.

### B. Unpaid Post-Shift Work

29. Named Plaintiff and those similarly situated operators' scheduled shift end time generally coincided with the service center's closing time, which was typically 6:00 p.m.

30. However, Defendant's managers regularly manually clocked Named Plaintiff and those similarly situated technicians out prior to their scheduled end time even though they were still engaged in substantive job duties.

31. Further, Named Plaintiff and those similarly situated technicians performed post-shift work after they were clocked out, including but not limited to cleaning up the shop, putting equipment away, and turning off the computers.

32. Given that Named Plaintiff and those similarly situated technicians performed post-shift work for which they were not compensated, they were not paid for all hours worked.

### C. Interrupted or Missed Meal Breaks

33. Defendant required a 60-minute meal break deduction from Named Plaintiff and those similarly situated technicians' daily hours worked.

34. However, Named Plaintiff and those similarly situated technicians were often too busy with job duties and thus were rarely, if ever, able to take a full 60-minute, uninterrupted meal break.

35. Despite not being able to take a full 60-minute, uninterrupted meal break, Defendant still applied a 60-minute meal break deduction to Named Plaintiff and those similarly situated technicians' daily hours worked.

36. Defendant regularly applied the meal break deduction by manually clocking out Named Plaintiff and those similarly situated technicians while they were still working.

37. Named Plaintiff personally witnessed the store manager clock him and other technicians out of work for a meal break even though they did not take a meal break and were still working.

38. Further, Named Plaintiff, as an assistant manager, had to occasionally fill in as the acting manager if the store manager was not working. The store manager instructed Named Plaintiff to make sure he clocked technicians out of work for a 60-minute meal break regardless of whether they took a meal break or not.

39. Upon information and belief, Defendant's store managers are financially incentivized by Defendant to minimize, reduce, or eliminate overtime. As such, Defendant's store managers were instructed to manually reduce Named Plaintiff and those similarly situated technicians' time worked as described herein for pre-shift work, meal breaks, and post-shift work. Consequently, Defendant avoided paying overtime wages for overtime work performed.

40. Named Plaintiff and those similarly situated technicians regularly worked more than forty (40) hours per workweek, or they would have worked more than forty (40) hours per workweek if all of their compensable time was logged, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendant's policies and/or practices described herein.

41. Defendant's failure to compensate Named Plaintiff and those similarly situated technicians as explained above resulted in unpaid overtime.

42. Defendant's policy and/or practice of not fully compensating technicians for all work performed applies to all of its hourly, non-exempt technicians at all of its service centers.

43. This unpaid work performed by Named Plaintiff and other similarly situated technicians constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

44. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated technicians.

45. At all times relevant herein, Named Plaintiff and those similarly situated technicians were employees as defined in the FLSA, the Ohio Acts, and Section 34a within Article II of the Ohio Constitution.

46. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Section 34a within Article II of the Ohio Constitution.

47. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated technicians for time spent working as described herein.

48. As a result of Defendant's common policy and/or practice, Named Plaintiff and other similarly situated technicians have not been paid for all hours worked, resulting in overtime damages in one or more workweek(s) when they worked at least forty (40) hours during their employment.

**A.      216(b) Collective Action for Unpaid Overtime Wages**

49. Named Plaintiff brings this action on his own behalf pursuant to Section 216(b) and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

50. The class which Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt service center employees of Defendant who were scheduled to work 40 or more hours in any workweek during the three years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").

51. The service center employees encompassed in the definition above include, but are not limited to, employees working as "technicians" as defined herein.

52. This action is maintainable as an "opt-in" collective action pursuant to Section 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous other current and former

technicians are similarly situated with regard to their wages and claims for unpaid overtime wages and damages. Named Plaintiff is representative of those other technicians and is acting on behalf of their interests, as well as his own, in bringing this action.

53. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**B.** **Rule 23 Class Action for Unpaid Overtime Wages**

54. Named Plaintiff brings his Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly, non-exempt service center employees of Defendant who were scheduled to work 40 or more hours in any workweek during the two years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Rule 23 Class" or "Rule 23 Class Members").

55. The Rule 23 Class includes all technicians employed by Defendant who worked in the State of Ohio during the relevant time period above.

56. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

57. Named Plaintiff is a member of the Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

58. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the Rule 23 Class Members' interests.

59. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

60. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

61. Questions of law and fact are common to the Rule 23 Class.

62. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt technicians.

63. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

64. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

65. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for all overtime hours worked; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class Members were working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what

amount of prejudgment interest is due to the Rule 23 Class Members on the overtime or other compensation that was withheld or not paid to them.

66. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

69. Defendant's practice and policy of not paying Named Plaintiff and the FLSA Collective for integral and indispensable work performed each day violated the FLSA.

70. Further, Defendant's practice and policy of not paying Named Plaintiff and other similarly situated technicians overtime compensation at a rate of one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked violates the FLSA.

71. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and the FLSA Collective Members violated the FLSA, 29 C.F.R. § 516.2(a)(7).

72. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

73. As a result of Defendant's practices and policies, Named Plaintiff and the FLSA Collective have been damaged in that they have not received wages due to them pursuant to the FLSA.

74. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

75. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective.

## COUNT II
## (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. This claim is brought under the Ohio Acts.

78. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

79. The Ohio Acts requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

80. While employed by Defendant, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 of the Ohio Revised Code, but they were not fully paid overtime wages for all such hours spent working as outlined above.

81. As a result of Defendant's company-wide corporate policies, it failed to pay Named Plaintiff and the Rule 23 Class Members overtime wages earned.

82. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

83. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and the Rule 23 Class Members was a violation of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

84. For Defendant's violations of Section 4111.03, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Rule 23 Class Members.

### COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

85. All of the preceding paragraphs are realleged as if fully rewritten herein.

86. Named Plaintiff and the Rule 23 Class Members have been or are employed by Defendant.

87. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

88. The OPPA requires that Defendant timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A) of the Ohio Revised Code.

89. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

90. Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

91. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## (VIOLATIONS OF RECORDKEEPING LAWS)

92. All of the preceding paragraphs are realleged as if fully rewritten herein.

93. Ohio Revised Code Sections 4111.08 and 4111.14(G)–(H) and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See also* 29 C.F.R. §§ 516.2, *et seq.* (stating same).

94. During times material to this complaint, Defendant was a covered employer and thus required to comply with Ohio's Recordkeeping laws.

95. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

96. During times material to this complaint, Defendant violated Ohio's Recordkeeping laws with respect to Named Plaintiff and the Rule 23 Class Members by failing

to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

97. In violating Ohio's Recordkeeping laws, Defendant acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

## COUNT V
## RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. § 2307.60

98. All of the preceding paragraphs are realleged as if fully rewritten herein.

99. Section 216(a) of the FLSA imposes criminal penalties for willful violations of the Act.

100. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Rule 23 Class have been injured as a result.

101. Section 2307.60 of the Ohio Revised Code permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

102. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to Section 2307.60.

**V.** **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and the Ohio Acts, and, as such, Named Plaintiff, the FLSA Collective, and the Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

F. Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff, the FLSA Collective, and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G. Awarding to Named Plaintiff and the Rule 23 Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

H. Awarding to Named Plaintiff and the Rule 23 Class liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Rule 23 Class during the applicable statutory period;

I. Awarding to Named Plaintiff and the Rule 23 Class compensatory and punitive damages under O.R.C. § 2307.60;

J. Awarding to Named Plaintiff, the FLSA Collective, and the Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

K. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

L. Granting leave to add additional plaintiffs;

M. Entering judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

N. Granting such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman